Filed: 08/08/2025
U.S. District Court
Eastern District of MI
Detroit

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: KEFFER DEVELOPMENT SERVICES, LLC, DATA SECURITY BREACH LITIGATION

MDL No. 3159

## TRANSFER ORDER

**Before the Panel**: Defendant Keffer Development Services, LLC, moves under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of Michigan. This litigation consists of twelve actions pending in five districts, as listed on Schedule A.[1] All responding plaintiffs and defendants oppose the motion. Several of the opposing parties alternatively support the Eastern District of Michigan as the transferee forum if an MDL is created.

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the Eastern District of Michigan will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from an alleged breach of Keffer's Athletic Trainer System by Matthew Weiss, a former assistant football coach at the University of Michigan. The Athletic Trainer System allegedly is used by numerous university athletic departments across the country to maintain medical records for student athletes. Mr. Weiss allegedly accessed the personal identifying and health information of over 150,000 athletes and then used this information to gain access to the social media, email, and cloud storage accounts of approximately 3,300 student-athletes, from which he obtained private photos and videos without consent. Plaintiffs in each action are student-athletes who allege that their private information was compromised by the Weiss data breach. Plaintiffs in eleven of the twelve actions seek to represent similar putative nationwide classes of individuals whose information, images, data, social media, or videos were accessed by Weiss without authorization. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

The opposing parties argue that the common questions regarding Weiss and Keffer are secondary to the unique questions regarding each university's liability. This argument is not persuasive. While the claims against the universities may involve case-specific questions regarding each university's relationship with Keffer and its use of the Athletic Trainer System, the core of the alleged misconduct at the heart of each case centers on Weiss and Keffer. Discovery

---

[1] A thirteenth action on the motion, which was brought in the Central District of California and named California State University, San Berardino as a defendant, was voluntarily dismissed on June 27, 2025.

concerning how Weiss accessed the Athletic Trainer System and Keffer's database of student information, how and when the breach was identified, what security measures were in place to protect students' personal information, and what steps Keffer took after discovering the breach likely will be common to all actions. Centralization will eliminate the potential for duplicative discovery as to Weiss and Keffer.[2]

Not only do these actions share common, and potentially complex, factual questions relating to the Weiss data breach, but the claims asserted by plaintiffs overlap significantly. Each complaint names Weiss as a defendant, along with one or more university defendants, and all but one action names Keffer as a defendant.[3] Plaintiffs in each complaint assert claims for violations of the Computer Fraud and Abuse Act, the Stored Communications Act, and Title IX. Most of the complaints also assert some variation of civil rights, invasion or privacy, and negligence claims. That plaintiffs may assert other claims is of no moment. *See, e.g.*, *In re FTX Cryptocurrency Exch. Collapse Litig.*, 677 F. Supp. 3d 1379, 1381 (J.P.M.L. 2023) ("Transfer under Section 1407 does not require a complete identity of common factual issues or parties as a prerequisite to transfer, and the presence of additional facts or differing legal theories is not significant where, as here, the actions still arise from a common factual core."). Additionally, eleven of the twelve actions assert the same putative nationwide class. Centralization will streamline proceedings on class-related issues and prevent inconsistent rulings on class certification.

Certain opposing parties argue that centralization will cause them inconvenience. We are not convinced by these arguments. In addition to facilitating common discovery, centralization will permit coordinated pretrial motion practice if, for example, the university defendants advance similar arguments in support of dismissal. In any event, transfer is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

Although the opposing parties maintain that they are amenable to informal coordination, in this instance centralization appears to be the preferable option. This litigation involves numerous overlapping class actions. At some point, counsel likely will seek to get their class certified ahead of the others, which will result in duplication of efforts by the parties and the involved courts. Additionally, a substantial number of students were impacted by the Weiss data breach. Keffer has identified 108 universities across the country that were potentially affected by the breach, so additional cases may well be forthcoming. Centralization will allow a single transferee judge to structure pretrial proceedings in a manner that considers all parties' legitimate

---

[2] Centralization may also eliminate duplicative discovery as to the University of Michigan, which employed Weiss and uncovered his improper use of the Athletic Trainer System.

[3] Following oral argument on the motion for centralization, plaintiffs in the Middle District of North Carolina action filed an amended complaint that, *inter alia*, dropped Keffer as a defendant. Even with the amendment, the claims against Weiss and High Point University necessarily follow from Weiss's alleged breach of Keffer's Athletic Trainer System, and similar discovery of Keffer likely will be required.

- 3 -

discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that has already occurred or is occurring in other actions.

The Eastern District of Michigan is an appropriate transferee district for this litigation. This litigation centers on the actions of Mr. Weiss, much of which took place at the University of Michigan. The center of gravity for this litigation thus lies in the Eastern District of Michigan, and witnesses and documentary evidence are likely to be concentrated there. The Eastern District of Michigan also offers a convenient and accessible forum for the parties and witnesses. Eight of the actions are pending in the district, where they have already been consolidated for all purposes before Judge Mark A. Goldsmith, an experienced jurist who has not yet had the opportunity to preside over an MDL. We are confident that Judge Goldsmith will steer this litigation on a prudent and expeditious course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of Michigan are transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable Mark A. Goldsmith for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

**IN RE: KEFFER DEVELOPMENT SERVICES,**  
**LLC, DATA SECURITY BREACH LITIGATION**                    MDL No. 3159

## SCHEDULE A

<u>Northern District of Illinois</u>

DOE v. WEISS, ET AL., C.A. No. 1:25-04233

<u>District of Massachusetts</u>

DOE v. WEISS, ET AL., C.A. No. 1:25-11151

<u>Eastern District of Michigan</u>

DOE 1, ET AL. v. WEISS, ET AL., C.A. No. 2:25-10806
DOE I, ET AL. v. WEISS, ET AL., C.A. No. 2:25-10855
ROE CLF 001 v. WEISS, ET AL., C.A. No. 2:25-10870
DOE v. UNIVERSITY OF MICHIGAN BOARD OF REGENTS, ET AL.,
    C.A. No. 2:25-10876
DOE 1, ET AL. v. THE REGENTS OF THE UNIVERSITY OF MICHIGAN, ET AL.,
    C.A. No. 2:25-10946
DOE v. BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN, ET AL.,
    C.A. No. 2:25-10951
DOE v. WEISS, ET AL., C.A. No. 2:25-10988
DOE v. BOARD OF REGENTS OF THE UNIVERSITY OF MICHIGAN, ET AL.,
    C.A. No. 2:25-10999

<u>Middle District of North Carolina</u>

DOE 1, ET AL. v. HIGH POINT UNIVERSITY, ET AL., C.A. No. 1:25-00303

<u>Northern District of Ohio</u>

DOE v. WEISS, ET AL., C.A. No. 5:25-00827