**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE: KEFFER DEVELOPMENT
SERVICES, LLC, DATA SECURITY
BREACH LITIGATION                                  Case No. 25-md-3159
                                                            HON. MARK A. GOLDSMITH

THIS DOCUMENT RELATES TO:
Case No. 25-cv-10806

_____/

**DEFENDANT MATTHEW WEISS'S**
**Ex Parte MOTION TO EXCEED PAGE LIMIT FOR DISPOSITIVE**
**MOTION PURSUANT TO LR 7.1(d)(3)**

The undersigned pro se defendant certifies that while a motion seeking to exceed the page limit may be filed ex parte, he communicated in writing with lead plaintiffs' counsel Patrick Lannen and Erik Johnson on September 4, 2025, explaining the nature of the relief to be sought and seeking concurrence. Plaintiffs responded that concurrence was not necessary with respect to a page-limit request, but they refused to concur in the dismissal of any claims. Pro se Defendant Matthew Weiss, pursuant to Local Rule 7.1(d)(3), therefore moves for leave to file a brief in support of his Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and (6) of up to 55 pages, and in support thereof states as follows:

1

1.      After eight separately pending related lawsuits were consolidated and lead counsel appointed, plaintiffs filed a Consolidated Amended Class Action Complaint ("CACC").  Named defendants in the CACC include The University of Michigan, the Regents of the University of Michigan, and Defendant Weiss.

2.      The CACC is 150 pages long, has 633 paragraphs, and alleges twenty-three counts.  Nineteen of those counts are directed at defendant Weiss, including numerous claims under 42 U.S.C. §1983 for violation of the 14th Amendment to the U.S. Constitution; numerous claims for violation of the Michigan Constitution; claims for violation of the federal Computer Fraud and Abuse Act and Stored Communications Act; numerous state common law and statutory claims including claims for multiple theories of invasion of privacy, common law and statutory conversion, trespass to chattels; violation of the Elliott-Larsen Civil Rights Act; and even a purported stand-alone cause of action for "recklessness" (Count XVIII), which is not recognized as an independent cause of action under federal or Michigan law.

3.      The CACC intertwines operative allegations with sprawling narratives about decades-old University of Michigan scandals, settlements, and unrelated cyberattacks. See CACC ¶¶114–145.  This prolix format falls short of the "short and plain statement" Rule 8(a)(2) requires, yet must still be addressed in full to preserve all defenses.

4.      Defendant Weiss must address both threshold jurisdictional defenses under Rule 12(b)(1)(including lack of Article III standing) and multiple substantive defects under Rule 12(b)(6) as to each of the 19 counts.  Given the number and breadth of claims, the presumptive 25-page limit is not sufficient to present these arguments coherently in a single consolidated filing, as required by the Court's Consolidation Order (ECF No. 58).

5.      The Defendant made good-faith efforts to narrow the scope of the CACC by seeking concurrence in the voluntary dismissal of claims. Plaintiffs refused to dismiss any count, necessitating a comprehensive response to all 19 counts and contributing to the need for additional briefing pages to address them fully.

6.      The University Defendants have already sought and obtained leave to exceed page limits (up to 65 pages) in support of their own motion to dismiss, citing the same prolix 150-page, 633-paragraph CACC. See Defs.' Ex Parte Mot. to Exceed Page Limit, ECF No. 9.  Weiss faces the same complaint and must respond to 19 counts directed at him individually.  For the same reasons articulated in the University Defendants' filing, defendant Weiss likewise requires additional pages.

7.      A 55-page limit is a modest and reasonable request in this context.  It will allow defendant Weiss to present arguments specific to him, while ensuring that all Rule 12 defenses are raised at once and avoiding piecemeal briefing.

WHEREFORE, Defendant Weiss respectfully requests leave to file a brief in support of his Motion to Dismiss of up to 55 pages (slightly less than three pages per claim).

Respectfully submitted,

/s/ Matthew Weiss
Pro Se Defendant
2075 W Stadium Blvd #1066
Ann Arbor, MI 48106
mattwprose@gmail.com

Dated: September 5, 2025

4

**Certificate of Service**

I hereby certify that on September 5, 2025, I electronically filed the foregoing paper, DEFENDANT MATTHEW WEISS'S Ex Parte MOTION TO EXCEED PAGE LIMIT FOR DISPOSITIVE MOTION PURSUANT TO LR 7.1(d)(3), with the Clerk of the Court using the ECF system which will send notification of such filing to all parties registered with ECF.

Respectfully submitted,

/s/ Matthew Weiss
Pro Se Defendant
2075 W Stadium Blvd #1066
Ann Arbor, MI 48106
mattwprose@gmail.com

Dated: September 5, 2025